1   JORGE ERNESTO BRIZUELA

2   DINORAH ALFARO

3   1194 SOUTH MULLEN AVENUE

4   LOS ANGELES, CA 90019

5   213-550-8349

6   Plaintiff in Pro Per

7

8

9          UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11       First Complaint Amended

12   JORGE ERNESTO BRIZUELA

13   DINORAH ALFARO

14        Plaintiffs,

15     vs.

16   WESTERN PROGRESSIVE LLC

17   WRIGHT, FINLAY & ZAK, LLP

18   ROBIN P. WRIGHT, ESQ., SBN 150984

19

20   BRADFORD E. KLEIN, ESQ., SBN 259252

21

22   RICHARD J. LEE, ESQ., SBN 268713

23   AND/OR JOHN DOES 1-10

24       Defendants.

CLERK, U.S. DISTRICT COURT FILED

JUL 13 2015

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

CASE NO. CV- 02476 JAK(ex)
2:15

**FAIR DEBT COLLECTIONS
PRACTICES ACT**

**REAL ESTATE SETLEMENT
PROCEDURES ACT**

**ROSENTHAL ACT**

**TRUTH IN LENDING ACT**

**SET ASIDE TRUSTEE SALE**

## I.  COMPLAINT INTRODUCTION

1.  This is an action for damages brought by individual consumers against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA) and the California Rosenthal Act, Civil Code § 1788 et seq. (Rosenthal Act) both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Rosenthal Civil Code § 2932.5, § 2923.5 et seq.

2. This is an action for damages brought by individual consumers against Defendants for violations of Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605; for damages for violations of the Truth in Lending Act (TILA) 15 U.S.C. § 1641 et seq.

## II. JURISDICTION AND VENUE

3.  This Court has jurisdiction under:  15 U.S.C. sec. 1692 k (d), 28 U.S.C. sec. 1331, and 28 U.S.C. sec. 1337. Supplemental jurisdiction exist for the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to: 28 U.S.C. § 1391(b) where that the defendant transact business here and the conduct complained of occurred here.

## III.  PARTIES

4.  Plaintiff(s) JORGE ERNESTO BRIZUELA & DINORAH ALFARO are natural persons residing in California. Plaintiff(s) is a consumer within the meaning

of 15 U.S.C. sec. 1692 a (3), 15  U.S.C. § 1681 a (c).

5.  Defendant: WESTERN PROGRESSIVE LLC, is a Debt Collector.,
doing business in CALIFORNIA, operating from an address:

2002 SUMMIT BLVD. SUITE 600, ATLANTA, GA 30319

6. Defendants are all entities or individuals who contributed to or
participated in, or authorized the acts or conspired with the name Defendants to
commit the acts and do the things complained of which caused the injuries and
damages to Plaintiff as set forth below. Each of the parties, named and fictitious,
acted as principal and agent each of the other, and combined and concurred
each with the other in committing the acts that injured the Plaintiff.

7.  The true names and capacities, whether individual, corporate (including
officers and directors thereof), associate or otherwise of Defendant sued herein
as DOES 1 thru 10 inclusive are unknown to plaintiff(s), who therefore sues
these Defendants by such fictitious names. Plaintiff is informed and believes, and
all alleges that each Defendant designated as DOE is involved in or is in some
manner responsible as a principal, beneficiary, agent, co-conspirator, joint
venturer, alter ego, third party beneficiary, or otherwise, for the agreements,
transactions, events and/or acts hereinafter described, and thereby proximately
caused injuries and damages to Plaintiff. Plaintiff(s) requests that when the true
names and capacities of these DOE Defendants are ascertained, they may be

inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

9. The purported debt which defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code § 1788.2(f).

10. All conditions precedent to the bringing of this action have been performed, waived or excused.

11. Plaintiff contends that Defendants have conspired and committed fraud in order to wrongfully foreclose with total disregard for Federal and State laws.

12. Plaintiff contends that Defendants have created and caused fraudulent documents to be filed into the public records of Los Angeles County and into the state court giving the appearance that there is a legal foreclosure going while some or all of the Defendants continue to break the law.

13. Plaintiff contends that this is common practice by some or all Defendants nationwide and that some or all Defendants are under investigation by the U.S. Department of Justice and the Attorneys General of both the United States and California.

# FACTUAL ALLEGATIONS

14. On or about January 13, 2015 Western Progressive, LLC through their attorneys, filed a complaint for foreclosure in Los Angeles County in and against Plaintiffs.

15. On or about November 12, 2014 said defendant Western Progressive, LLC served a summons and complaint on Jorge Ernesto Brizuela attempting to foreclosure on the Plaintiff's property.

16. Western Progressive, LLC claimed within its General Allegations on line 7 that it had acquired the right to enforce the Note and Mortgage from the Party entitled to enforce the Note.

17. Of the same General Allegations Western Progressive, LLC claims to be the owner of the Note and Mortgage or acquired the rights to enforce the subject Note and Mortgage.

18. Plaintiffs never received notice of transfer or assignment from the Defendant which is a violation of both State and Federal law and a breach of agreement.

19. While it may appear that these individuals hold multiple high ranking positions with many of the largest banking organizations in the U.S. the reality is they both work for Lender Processing Services Inc., in Jacksonville

Florida and are accomplices with Shapiro Fishman, Sand Canyon, Lender, and many other law firms nationwide.

20. Plaintiff never received notice of transfer or assignment from the Defendant which is a violation both State and Federal law and a breach of agreement.

21. Robin P Wright has responsibility for the actions of the firm, and has been directly notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. He has **overseen the violations of FDCPA** and chosen to ignore his responsibilities in rectifying these problems.

22. Bradford E. Klein has responsibility for the actions of the firm, and has been directly notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. He has chosen to ignore his responsibilities in rectifying these problems.

23. Richard J. Lee has responsibility for the actions of the firm, and has been directly notified of its illegal and unethical activities in the foreclosure case against Plaintiff. He has chosen to ignore his responsibilities in rectifying these problems.

24. **On May 17, 2013,** Plaintiffs sent a letter (RESPA letter) by certified mail to Defendants Western Progressive LLC. The letter demanded certain documents and the answer to more than 20 questions regarding the servicing of Plaintiff's mortgage.

25. **Defendants Western Progressive LLC have not responded at all to the RESPA letter.**

26 On or about APRIL 2000, Plaintiffs purchased certain real property commonly known as (the Subject Property) with original lender WESTERN PROGRESSIVE LLC.

27. Around November 2014, Plaintiffs called Robin P Wright attempting to get some clarification to modify his loan. Taylor, Bean, & Whitaker representative said that I needed to default before I could qualify for Modification. I did not default.

28. Around April 2009 Plaintiff Jorge Ernesto Brizuela called WESTERN PROGRESSIVE, LLC in an attempt to get help, that I would not be able to continue my current payment without loan a modification, WESTERN PROGRESSIVE, LLC representative continued to respond that they would modify After I had defaulted. I did not make Aprils payment.

29. Plaintiff faxed and mailed modification package to Brandon Rudd on April 10th 2009. On April 30th Plaintiff emailed and asked if there was any info available on their modification. After ongoing email forwarding's with no response; May 27, 2009 Western Progressive, LLC responded that their my request had been forwarded to the loan resolution department and I would be contacted soon.

30. On or about November 12 2014 Plaintiff was contacted Western Progressive, LLC allegedly acquired the servicing rights upon information and public record under receivership from Bank Of America. The Defendants WESTERN PROGRESSIVE LLC has never been acknowledged by Plaintiff. Plaintiff was never informed of a sale or transfer of assignments or note of their loan from foreclosing defendants, on or when the alleged loan was taken under default.

31. Plaintiffs' Jorge Ernesto Brizuela requested loan modification from WESTERN PROGRESSIVE LLC certified mail, Western Progressive, LLC did not respond with a yes or no, in additional efforts to do the modification a bankruptcy were filed and attempted.

32. On or around November 2011, Plaintiffs began conducted research through public records and learned WESTERN PROGRESSIVE LLC and MERS, that my mortgage loan was registered on the MERS system . The Conditions Precedent requirements under TILA helping families save their homes Act of 2009, in addition to other disclosures required by this title not later than 30 days after that date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer including:

    a) The identity, address, telephone number of the new creditor
    b) How to reach an <u>agent</u> or <u>party having authority to</u> act on behalf of the new creditor;

c) The location of the place where transfer of ownership of debt is recorded; and

d) Any other relevant information regarding the new creditor.

33. Further inspection shows there is no actual assignment date for Western Progressive, LLC.

34. The public records Assignment of Deed of Trust revealed that plaintiff loan had been securitized through MERS, A California Reconveyance Company, but there were no assignment from MERS that they were the nominee to that trustee. Plaintiff could not find also assignments valid from trustee, out of the Trust and to whom they had assigned.

35. Plaintiffs after countless hours inspecting their Pooling and Servicing Agreement and according to TBW own PSA that defendants Western Progressive, LLC in particular among others were third party debt collectors and servicers.

36. Plaintiffs question how could a servicer have full authority over Plaintiff note mortgage w/out being assigned to them, or broken chain of title.

37. The Foreclosing Defendants, on the same day bankruptcy by Plaintiffs was filed, Western Progressive LLC. a servicer continued to conduct a trustee sale.

38. Defendant, WESTERN PROGRESSIVE LLC the same day of the sale left a note on (the Subject Property) gate to inform Plaintiff that they were the new owner. Defendants, foreclosing Defendants never returned to

Plaintiff or produced to Plaintiff the original note or they having full authority over the note mortgage w/out being assigned to them and foreclose on (the Subject Property) .

39. Plaintiffs have sent out RESPA letters to Defendants as to date no satisfactory response have been answered.

40. Again, Plaintiff never received notice of transfer or assignment from the Defendant which is a violation both State and Federal law and a breach of agreement.

41. **On May 17, 2013,** Plaintiff sent a letter (RESPA letter) by certified mail to Defendants., The letter demanded certain documents and the answer to more than 6 questions regarding the servicing of Plaintiff's mortgage

## COUNT I
### VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 U.S.C. §2605 BY DEFENDANTS (QLSC), MERSCORP, AND AGAINST THE FORECLOSING DEFENDANTS

42. Paragraphs 21 through 44 are re-alleged as though fully set forth herein.

43. Defendants are at alleged servicers of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

44. Plaintiff's written requests for information about his account and correction of Defendants' numerous errors were ''qualified written requests''

within the meaning of RESPA.

45. Defendants deliberately failed to respond in a proper and timely way to Plaintiff's ''qualified written requests'' for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

WHEREFORE, Plaintiff demands judgment against **(QLSC), MERSCORP** and Defendants for a proper accounting and application of his mortgage payments and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to12 U.S.C. §2605.

## COUNT II
### VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641
### BY DEFENDANTS & JOHN DOES 1-10,
### AND AGAINST THE FORECLOSING DEFENDANTS

46. Paragraphs 21 through 45 are realleged as though fully set forth herein.

47. A new creditor must provide notice of its status pursuant to 15 U.S.C. §1641(g):

(1) In general
In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

WHEREFORE, Plaintiff demands judgment for damages against DEFENDANT(S) for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1640(a).

## COUNT III
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS & JOHN DOES 1-10, AND AGAINST THE FORECLOSING DEFENDANTS

48. Paragraphs 21 through 45 are re-alleged as though fully set forth herein.

49. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

50. Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

51. Defendants & John Does 1_10; violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant(s) violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

(b) Defendant(s) violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(c) Defendant(s) violated 15 U.S.C. §1692e(6) by sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

(d) Defendant(s) violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is

known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(e) Defendant(s) violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(f) Defendant(s) violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

(g) Defendant(s) violated 15 U.S.C. §1692e(14) by the use of any name other than the true name of the debt collector's business.

(h) Defendant(s) violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(i) Defendant(s) violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property.

(j) Defendant(s) violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff demands judgment for damages against

PLAINTIFFS JORGE ERNESTO BRIZUELA AMENDED COMPLAINT          13

DEFENDANT(S)for actual or statutory damages, and punitive damages, attorney's fees and costs, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## FOURTH CAUSE OF ACTION
## TO SET ASIDE TRUSTEE'S SALE
## AGAINST THE FORECLOSING DEFENDANTS

52. Plaintiffs incorporate herein by reference the allegations made in subsequent paragraphs 21 through 45, inclusive, as though fully set forth herein.

53.  The Foreclosing Defendants never had the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of the Note and Deed of Trust, because the Foreclosing Defendant's interest was never acknowledged and recorded in violation of Civil Code § 2932.5, resulting in the non-judicial foreclosure sale being void ab initio.

54. Moreover, the foreclosing Defendants never had the legal authority to foreclose because the instrument (Deed of Trust), which permitted foreclosure if the borrower was in default, is void as it was improperly assigned and/or transferred to the Foreclosing Defendants from the original lender. Therefore, the Deed of Trust could not provide a basis for a foreclosure, and the non-judicial foreclosure is void ab initio.

55. Accordingly, Plaintiffs hereby request an order of this Court that the Trustee's Sale was irregular in that it was legally void and conducted without any right or privilege by the foreclosing Defendants

PLAINTIFFS JORGE ERNESTO BRIZUELA AMENDED COMPLAINT        14

## FIFTH CAUSE OF ACTION
## TO VOID OR CANCEL TRUSTEE'S DEED UPON SALE
## AGAINST THE FORECLOSING DEFENDANT

56. Plaintiffs incorporate herein by reference the allegations made in subsequent paragraphs 21 through 45, inclusive, as though fully set forth herein.

57. Although the trustee's deed upon sale appears valid on its face, it is invalid, and of no force and effect, for the reasons set forth above including, inter alia, the fact the Deed of Trust which purportedly secured the note, which served as the basis for a claim to have the right to conduct a non-judicial foreclosure was at all times void due to the wrongful and improper assignments to the foreclosing Defendants.

58. Plaintiffs are therefore entitled to an order that the trustee's Deed Upon Sale is void ab initio and cancelling such Trustee's Deed.

## SIX CAUSE OF ACTION
## WRONGFUL FORECLOSURE
## AGAINST THE FORECLOSING DEFENDANTS

59. Plaintiffs incorporate herein by reference the allegations made in subsequent paragraphs  21 through 64, inclusive, as though fully set forth herein.

60. Plaintiffs are informed and believe and thereon allege that after the origination and funding of their loan, it was sold to investors as a "mortgage backed security" and that none of the foreclosing Defendants in this action

owned this loan, or the corresponding note. Moreover, none of the

Foreclosing Defendants in this action were lawfully appointed as trustee or

had the original note. Moreover, none of the Foreclosing Defendants in this

action were lawfully appointed as trustee or had the original note assigned to

them. Accordingly, none of the Foreclosing Defendants in this action had the

right to declare default, cause notices of default to be issued or recorded, or

foreclose on Plaintiffs interest in the subject Property. The Foreclosing

Defendants were not the note holder or a beneficiary at any time with regard to

Plaintiffs loan.

61. Plaintiff further alleges on information and belief that none of the

foreclosing Defendants in this action are beneficiaries or representatives of the

beneficiary and, if the Foreclosing Defendants allege otherwise, they do not

have the original note to prove that they are in fact the party authorized to

conduct the foreclosure.

62. Plaintiff further allege on information and belief that the loan was sold or

transferred without notifying the Plaintiffs in writing. Therefore, the loan is

void of legal rights to enforce it.

63. Additionally, The Foreclosing Defendants violated California Civil Code

2923.5 (a), which requires a mortgagee, beneficiary or authorized agent" to "

contact the borrower or person by telephone in order to assess the borrower's

financial situation and explore options for the borrower to avoid foreclosure. "

Section 2923.5 (b) requires a default notice to include a declaration " form the

mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5,

Including attempt "with due diligence to contact the borrower as required by this

section."

64. None of the foreclosing Defendants contacted Plaintiffs to discuss their

financial situation. Moreover, none of the Foreclosing Defendants explored

options with Plaintiffs to avoid foreclosure. Additionally, none of the

Foreclosing Defendants informed Plaintiffs of the right to have a meeting within

14 days of said contact. Accordingly, the Foreclosing Defendants did not fulfill

their legal obligation to Plaintiffs.

65. Thus, the Foreclosing Defendants engaged in a fraudulent foreclosure of

the Subject Property in that the foreclosing Defendants did not have the legal

authority to foreclose on the subject property and, alternatively, if they had the

legal authority, they failed to comply with Civil Code Section 2923.5 and

2923.6.

66. Thus, the Foreclosing Defendants failure to properly accelerate their own

loan is an essential pre-requiste to foreclosure. Under the TILA statutory

provision penalty. A creditor can be liable to the consumer in an amount equal

to twice the amount of the finance charge imposed, but not less than $100.00

1    not more than  $1,000.00 15 U.S.C. § 1640 (2)(a)

2        67. As a result of the above alleged wrongs, Plaintiffs have suffered general

3

4    and special damages in an amount to be determined at trial.

5

6

7                                        Date: 07-13-2015

8                                        Sign: _____

9

10                                       Print: Jorge Ernesto Brizuela

11

12                                       Date: 7-13-2015

13

14                                       Sign: _____

15                                       Print: Dinarah Alfaro.

16

17

18                        **DEMAND FOR JURY TRIAL**

19

20   Plaintiff hereby demands a trial by jury of all issues so triable as a matter of

21   law.

22

23

24

25

26

27

28

                    PLAINTIFFS JORGE ERNESTO BRIZUELA AMENDED COMPLAINT        18

Respectfully submitted,

JORGE ERNESTO BRIZUELA
DINORAH ALFARO

DATED:  JULY 13TH, 2015

By _____
JORGE ERNESTO BRIZUELA
Plaintiff Pro Per

By _____
DINORAH ALFARO
Plaintiff Pro Per

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# THIS PAGE

# INTENTIONALLY

# LAFT BLANK